**Robert E. Franz, Jr.**     OSB #730915
E-Mail:  rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson**     OSB #153474
E-Mail:  shenderson@franzlaw.comcastbiz.net
FRANZ & HENDERSON
P.O. Box 62
Springfield, OR 97477
Telephone:  (541) 741-8220
 Attorneys for Defendants Lewis, Rappé, Grice, Kirkpatrick, Bragg, Casarez,
  Conrad, Durrant, Lane, O'Leary, Pardee, Sorby, and Turner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Black Unity, Martin Allums, Tyshawn Ford, Austin Johns, Mya Lansing, and Jazmine Jourdan,<br><br>    Plaintiffs,<br><br>    vs.<br><br>City of Springfield, a municipal corporation, Richard L. Lewis, Lt. George Crolly, Lt. Matt Neiwert, Lt. Tom Rappé, Sgt. David Grice, Sgt. Pete Kirkpatrick, Sgt. Keith Seanor, A.A. Amundson, T.J. Bazer, Brian Bragg, Joseph Burke, Daniel Casarez, Robert J. Conrad, B.P. Dunn, Bronson Durrant, J. Garcia-Cash, T.J. Murray, J.J. Myers, Connor O'Leary, Jared Quinones, Robert A. Rosales, Eric A. Sorby, M.J. Thomsen, L.E. Turner, J.M. Wilson, Detective Robert Weaver, Kody Lane, Tina Pardee, and Kylee Welch, in their individual capacities,<br><br>    Defendants. | Case No. 6:21-cv-0346-AA<br><br>**FRCP 56 Response** to **Plaintiffs' Motion for Partial Summary Judgment** by Defendants Lewis, Rappé, Grice, Kirkpatrick, Bragg, Casarez, Conrad, Durrant, Lane, O'Leary, Pardee, Sorby, and Turner |

Page 1 - FRCP 56 Response to Plaintiffs' Motion for Partial Summary Judgment

COME NOW Defendants Lewis, Rappé, Grice, Kirkpatrick, Bragg, Casarez, Conrad, Durrant, Lane, O'Leary, Pardee, Sorby, and Turner by and through their attorneys, FRANZ & HENDERSON and pursuant to FRCP 56, hereby respond to Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses of Defendants.

THIS RESPONSE is made in good faith, not for the purpose of delay, and in the opinion of counsel is well founded in law; and based upon FRCP 56. Defendants fully incorporate all of the exhibits and pleadings in their Motion for Summary Judgment as though fully incorporated herein, including all legal memorandums in that Motion for Summary Judgment as well as the following Legal Memorandum of Law, together with the following Exhibit:

| Exhibit | Description |
|---|---|
| Exhibit 535 | Signed No Contest Plea - Ford |

**Legal Memorandum**

**I. Issue Preclusion.**

At trial, the Defendants will be entitled to a jury instruction on issue preclusion relating to the fact that three people connected with Black Unity were guilty of at least one of the charges for which they were arrested because each of them plead guilty to crimes. Namely, Kaziah Myers plead guilty to Disorderly Conduct 2; Trevor Pasley plead guilty to Disorderly Conduct 2; and Jennifer Surdyk plead guilty to Disorderly Conduct (Exhibit 534). Further, none of the three can contend that they were arrested without probable cause. *Malady v. Crunk,* 902 F.2d 10, 11-12 (8th Cir. 1990) [Arrestee's conviction for underlying offense, pursuant to guilty plea, was a complete defense to civil rights action asserting that

Page 2 - FRCP 56 Response to Plaintiffs' Motion for Partial Summary Judgment

arrest was made without probable cause.]; *Pouncey v. Ryan,* 396 F. Supp. 126 (D.C. Conn. 1975) [Voluntary plea of guilty bar to civil actions].

In addition, the Defendants will be entitled to a jury instruction on issue preclusion relating to the fact that Plaintiff Tyshawn Ford was guilty of at least one of the charges for which he was arrested because he plead no contest to the crime of Disorderly Conduct in violation of ORS 166.025(1)(a). (Exhibits 534 and 535). Further, Plaintiff Ford cannot contend that he was arrested without probable cause. *Walker v. Schaeffer,* 854 F.2d 138, 143 (6th Cir. 1988) [Use of no-contest pleas for estoppel purposes established probable cause for an arrest in civil action.]

## II. Officer Safety Doctrine.

At trial, the Defendants will be entitled to prove that they had the right to use force in self-defense and/or to the extent that force is used to defend others. *Forrett v. Richardson,* 112 F.3d 416 (9th Cir. 1997); *Scott v. Henrich,* 978 F.2d 481, 484 (9th Cir. 1992). The Officer Safety Doctrine is merely a term used to describe these rights of police officers to use force in self-defense and to protect themselves during encounters with citizens. As stated by the Supreme Court of Oregon:

> Although *Riley* was decided as a matter of constitutional law, it did not refer specifically to either the state or federal constitution. Upon consideration, we hold that Article I, section 9, of the Oregon Constitution does not forbid an officer to take reasonable steps to protect himself or others if, during the course of a lawful encounter with a citizen, the officer develops a reasonable suspicion, based upon specific and articulable facts, that the citizen might pose an immediate threat of serious physical injury to the officer or to others then present. As we noted in *Riley, supra,* 240 Or. at 525, 402 P.2d 741, it is not our function to uncharitably second-guess an officer's judgment. A police officer in the field frequently must make life-or-death decisions in a matter of seconds. There may be little or no time in which to weigh the magnitude of a potential safety risk against the intrusiveness of protective measures. An officer must be allowed considerable latitude to take safety precautions in such situations. Our inquiry therefore is limited to whether the precautions taken were reasonable under the

Page 3 - FRCP 56 Response to Plaintiffs' Motion for Partial Summary Judgment

> circumstances as they reasonably appeared at the time that the decision was made.

*State v. Bates*, 304 Or. 519, 524–25, 747 P.2d 991, 993–94 (1987). That is, at trial, the Defendants will be entitled to the following jury instruction:

> A police officer is justified in using physical force upon a person when and to the extent the police officer reasonably believes such force is necessary to arrest a person, to help arrest a person, to take custody of a person; to prevent a person from committing a crime, to maintain custody and control of a person; to protect himself or others from a person, to act in self-defense of himself or others, to transport the person; and to prevent the person from escaping from custody. This includes the use of such physical force as is reasonably necessary in order for the police officer to overcome any resistance or failure to cooperate and follow directions by the person being arrested.  In other words, if a person being taken into custody physically resists an arresting officer, the officer is authorized to use reasonable force necessary to overcome the resistance.  The word "resists" means the use or threatened use of violence, physical force or any other means that creates the potential risk of physical injury to any person.  The term "use of force" as used in this instruction includes the use of any restraints and handcuffs.

ORS 161.235

*Gigler v. City of Klamath Falls*, 21 Or. App. 753 (1975).

*Graham v. Connor,* 490 U.S. 386 (1989).

*Reed v. Hoy,* 909 F.2d 324 (9th Cir. 1989).

*Rich v. Cooper*, 234 Or. 300 (1963).

*Sherrod v. Berry*, 856 F.2d 802 (7th Cir. 1988).

*Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992).

*Tennessee v. Garner,* 471 U.S. 1, 3 (1985).

### III.  Lack of Capacity to Sue.

This issue is briefed in Defendants' Motion for Summary Judgment at page 35 and will be handled in that proceeding.

## IV. Justified Use of Force.

At trial, the Defendants will be entitled to prove that they had the right to use force in self-defense and/or to the extent that force is used to defend others. *Forrett v. Richardson,* 112 F.3d 416 (9th Cir. 1997); *Scott v. Henrich,* 978 F.2d 481, 484 (9th Cir. 1992).

## V. Injury Caused by Others.

At trial, the Defendants will have the right to show that the Plaintiffs' injuries were caused by other people pulling back the Plaintiffs from police custody pursuant to the instructions of the Plaintiffs to pull the Plaintiffs from Police custody. This is not a comparative fault defense. It is a causation issue. The injuries to the Plaintiffs were not proximately caused by anything the Defendants did. The injuries were the proximately caused by what others did to the Plaintiffs at the instructions of the Plaintiffs.

## VI. No Duty to Retreat.

At trial, the Defendants will have the right to the following jury instruction because the entire theme of the Plaintiffs' case is that the Defendants should have retreated from the barricade and taken it down.

> You are instructed that it is the sworn duty of a police officer to enforce the laws. In doing so, a police officer is not under any duty to retreat from any situation before resorting to the use of deadly force, if such force is otherwise proper.
>
> *Reed v. Hoy,* 909 F.2d 324 (9th Cir. 1989) [Oregon law did not require police officer to retreat before using deadly force.]

## VII. Failure to Mitigate Damages.

The failure to mitigate damages has always been an affirmative defense, with the burden of proof resting with the Defendants. However, if the Plaintiffs want to assume the burden of proof that they took reasonable steps to minimize

Page 5 - FRCP 56 Response to Plaintiffs' Motion for Partial Summary Judgment

their damages and injury; and did in fact mitigate their damages and injuries, that is fine with the Defendants, as long as the Plaintiffs stipulate that the failure to mitigate damages and injury is not an affirmative defense; but rather, showing that the Plaintiffs mitigated their damages and injuries is part of the Plaintiffs' burden to prove.

## VIII.  Made the Same Decision.

This is a proper defense on all First Amendment claims.  At trial, the Defendants will be entitled to the following jury instruction.

> If the defendants show by a preponderance of the evidence that they would have reached the same decisions concerning the plaintiff, regardless of the fact that the plaintiff had engaged in protected speech, then you must find in favor of the defendants on the Plaintiff's First Amendment Claim.
>
> *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977).
>
> *Gillette v. Delmore*, 886 F.2d 1194, 1197 (9th Cir. 1989), *cert. denied*, 510 U.S. 932 (1993).

## IX.  Exercising Lawful Authority.

Defendants' Eighth Affirmative Defense provides as follows:

> The actions taken by these Answering Defendants were all valid exercises of the lawful authority of law enforcement officers, including but not limited to the authority to regulate all uses of public streets and right-of ways and all competing uses of streets and public rights-of-way and to require a permit before using a public street for the purpose of a parade.

At trial, Defendants will be entitled to a jury instruction to this effect, including instructions on the City Ordinances and State Laws giving the Defendants the right to regulate the streets at issue.

Page 6 - FRCP 56 Response to Plaintiffs' Motion for Partial Summary Judgment

**X. Order to Disperse.**

This affirmative defense sets forth the obligation of the Plaintiffs to disperse upon being given the order under circumstances that the order was lawful.

**XI. Conclusion.**

For all the reasons set forth above, Defendants are entitled to assert the above affirmative defenses.

DATED: Wednesday, November 20, 2024.

Respectfully submitted,

By: /s/ Robert E. Franz, Jr.
FRANZ & HENDERSON
**Robert E. Franz, Jr.**
OSB #730915
**Attorneys for Defendants Lewis, Rappé, Grice, Kirkpatrick, Bragg, Casarez, Conrad, Durrant, Lane, O'Leary, Pardee, Sorby, and Turner**